UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-372-RJC
(3:08-cr-179)

| | |
|---|---|
| ROSARIO PEREZ-PEREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment filed February 22, 2011. (Doc. No. 9). Respondent contends Petitioner's Motion to Vacate, Set Aside or Correct, filed pursuant to 28 U.S.C. § 2255, should be dismissed because it presents no genuine issues of material fact. On April 13, 2012, the Court entered an Order advising Petitioner of his obligation in responding to Respondent's Motion for Summary Judgment in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. No. 12). Petitioner was provided up to and including May 7, 2012, to file a response, but no response has been filed. For the reasons that follow, Respondent's Motion for Summary Judgment will be GRANTED and Petitioner's Section 2255 motion will be DENIED and DISMISSED.

**I. BACKGROUND**

On August 26, 2008, Petitioner was charged in a one-count indictment by the grand jury sitting for the Western District. The indictment charged Petitioner with unlawfully and knowingly attempting and in fact entering the United States without the express consent of the Attorney General or the Homeland Security Secretary, in violation of 8 U.S.C. § 1326(a) and

1

(b)(2). (3:08-cr-179, Doc. No. 1: Indictment, at 1). On August 28, 2008, Petitioner was arraigned and entered a plea of not guilty. The Court appointed counsel for Petitioner and on November 26, 2008, Petitioner appeared with counsel before United States Magistrate Judge Carl Horn, III, to enter a plea of guilty without benefit of a plea agreement. During the Rule 11 hearing, Petitioner was placed under oath and acknowledged that he understood the charge in the indictment and its minimum and maximum penalty. Petitioner averred that he was satisfied with the services of his attorney and he stated that he was pleading guilty to the charge in the indictment because he was in fact guilty of the charge. Petitioner acknowledged that he was choosing to enter a knowing and voluntary plea without the benefit of a plea agreement. Further, the magistrate judge explained to Petitioner that he would be deported from the United States following the conclusion of his active term of imprisonment. The court specifically asked, in light of the absence of a plea agreement, whether there were any terms regarding sentence or otherwise, which should be put on the record. Petitioner responded that there were no such promises. Following the Rule 11 hearing, the magistrate judge accepted Petitioner's plea of guilty to the one count in his indictment. (Doc. No. 10: Acceptance and Entry of Guilty Plea).

On September 27, 2009, Petitioner appeared with counsel before the Court for his sentencing hearing. Petitioner's counsel stipulated that his offense level was 21, that he was criminal history category IV, and that the resulting sentencing range of 57 to 71 months was correct. (Doc. No. 21: Sentencing Transcript, at 2-3). Petitioner's counsel further stipulated that the Court could rely on the PSR to serve as a factual basis for Petitioner's plea of guilty. (Id. at 3). The government and Petitioner agreed that a sentence of 57-months imprisonment was appropriate in his case. The Court heard from the parties and from Petitioner and then announced a sentence of 57-months. The Court informed Petitioner that he had the right to file an appeal

from his conviction and sentence and that the appeal must be filed within 10 days from entry of the judgment. (Id. at 11). Petitioner stated in open court that he understood his right to appeal, however, Petitioner did not file a direct appeal. (Id. at 12).

Instead, Petitioner filed this Section 2255 motion. In his first ground for relief, Petitioner claims that his trial counsel was ineffective for failing to file a direct appeal after he had instructed her to do so; that counsel was ineffective for informing him his guideline range was 43-51 months; and that counsel was ineffective for assuring him that the Court would only sentence him to no more than 45 months. But for his counsel's actions, Petitioner contends he would have proceeded to trial or requested relief under § 5K3.1. (3:09-cv-372, Doc. No. 1 at 4). As a second ground for relief, Petitioner contends that the Court imposed an unreasonable sentence under 18 U.S.C. § 3553(a)(4) and (a)(5). Petitioner again maintains that he directed his counsel to file an appeal challenging the Court's imposition of sentence but she failed to do so. (Id. at 5-6).

The Court conducted an initial review of Petitioner's Section 2255 motion and concluded that Petitioner was entitled to an evidentiary hearing on the issue of whether or not he had instructed his counsel to file a direct appeal. During the evidentiary hearing, Petitioner was present with newly appointed counsel and Petitioner provided testimony. The government offered evidence through the testimony of Petitioner's trial counsel. After presentation of the evidence, the Court found that based on the testimony provided by Petitioner, there was no credible evidence to support his sworn contention in his Section 2255 motion that he had instructed his trial counsel to file an appeal. In fact, Petitioner testified that he met with his counsel following the sentencing hearing and informed his counsel that he did not want to file an appeal. Based on these findings, the Court concluded as a matter of law that Petitioner's

argument regarding ineffective assistance of counsel based on his trial counsel's failure to file an appeal must be denied. The Court then directed the government to file an answer or response to the remaining claims in Petitioner's Section 2255 motion.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, district courts are directed to promptly examine Section 2255 motions, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. If the motion is not summarily dismissed, the Court must direct the government to file an answer or response. After reviewing the government's response, and the record of the prior proceedings, the Court must determine whether an evidentiary hearing is warranted. The Court may dismiss Petitioner's claims without an evidentiary hearing if the answer and record show that Petitioner is not entitled to relief. See Rule 8(a) of the Rules Governing Section 2255 Proceedings; see also Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted above, the Court held an evidentiary hearing on the issue of ineffective assistance of counsel regarding whether his counsel was instructed, but failed to file a notice of appeal. With the Court's ruling that Petitioner did not instruct his counsel to file a direct appeal, the remaining claims in Petitioner's § 2255 motion are as follows: (1) Petitioner's trial counsel was ineffective by providing him with an incorrect calculation of his sentencing guideline and promising him a sentence of no more than 45 months; and (2) the Court erred in sentencing Petitioner. The Court finds that these remaining claims do not warrant an evidentiary hearing.

First, the Court concludes that Petitioner's guilty plea in this case forecloses his arguments regarding alleged promises or assurances from this trial counsel. Next, the Court finds

that Petitioner has procedurally defaulted his claims regarding errors in his sentencing by failing to file a direct appeal, and further, that Petitioner has failed to show cause to excuse such default or that a miscarriage of justice would result if his default were not excused.

    A.        Guilty Plea

Petitioner contends his counsel was ineffective for informing him that his guideline range was 43-51 months, and for assuring him that the Court would impose an active sentence of no more than 45 months. (Doc. No. 1 at 4). To establish a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689.

Petitioner had the right to plead guilty and that choice to plead guilty will be upheld so long as it is deemed knowing and voluntary. "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." United States v. Lemaster, 403 F.3d 216, 219-20 (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977)). In order to challenge the validity of his guilty plea, a petitioner must show that but for counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 47 U.S. 52, 59 (1985)).

Petitioner appeared before the magistrate judge, was placed under oath and gave clear answers to the questions posed during his Rule 11 hearing. The transcript of the Rule 11 hearing makes plain that the magistrate judge informed Petitioner of the minimum and maximum

5

penalties he faced if he his guilty plea was accepted. Petitioner was informed and acknowledged that he faced a possible 20-year maximum term of incarceration. (3:08-cr-179, Doc. No. 20 at 5). The court went on to explain that if the ultimate sentence imposed by the district court was more severe than expected, that he would still be bound by his guilty plea and would have no right to withdraw the plea. (Id. at 7). Petitioner acknowledged that he understood this.

A defendant's sworn statements given in open court during a Rule 11 hearing carry a strong presumption of truth and represent "a formidable barrier in any subsequent collateral proceeding." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "To adopt a more lenient approach and 'allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality.'" United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (citing Blackledge, at 71).

Petitioner has failed to overcome the strong presumption that his sworn statements which he provided in open court before the magistrate judge were true, and Petitioner will therefore be bound his previous statements. The Court finds that any statements Petitioner contends his trial counsel made could not have prejudiced him in light of the magistrate judge's instructions regarding the maximum sentence. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) ("any misinformation [defendant] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [defendant] was not prejudiced."); United States v. Lamby, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) ("if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely in the subsequent dialogue between the court and the defendant."). Petitioner's argument that his counsel was ineffective is without merit.

6

B. Procedural Default

Petitioner's claims regarding alleged sentencing errors were cognizable on direct appeal. However, as the Court has found based on Petitioner's sworn testimony during the evidentiary hearing, he did not instruct his counsel to file an appeal. Consequently, claims regarding his sentencing are generally not properly asserted in a collateral proceeding. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). In order to overcome this barrier, and have these claims evaluated in this Section 2255 action, Petitioner must show cause and actual prejudice resulting from errors he has asserted in his § 2255 motion. See United States v. Miklajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Petitioner was notified in accordance with Roseboro v. Garrison, and provided ample time to file a response to the government's motion for summary judgment, as noted above. For whatever reason, Petitioner has failed to file a response. Given that the Court found he did not instruct his counsel to file a direct appeal, and that Petitioner has failed to respond to the government's motion for summary judgment, he has offered no cause to excuse his procedural default. Petitioner's claims regarding sentencing in Ground Two of his Section 2255 are therefore procedurally defaulted and will be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Set Aside, Correct or Vacate filed under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge